Josephine Linker Hart, Justice, dissenting. The circuit court found that the integrated risk-asSessm’ent forms from JD’s admission to Rivendell in August 2011 and October 2011, and a third assessment in November 2011 that was a copy of the October form, indicated that JD had never been sexually abused. At trial,' JD took the stand, and during cross-examination, the circuit court prevented Holland’s attorney from asking JD about these prior inconsistent statements. While admitting denials to his mother, JD never admitted that he had made prior inconsistent statements to Rivendell staff or anyone else about whether he had been sexually abused, and these prior inconsistent statements were never made known to the jury. These statements were not made on a collateral matter but, instead, were prior inconsistent statements that directly impeached JD’s credibility with respect to his subsequent |aoclaims of sexual abuse and challenged the veracity of his testimony about these claims. Presumably, JD’s credibility was a major consideration for the jury because its decision .to convict Holland for second-degree sexual assault turned on the weight of JD’s testimony. Further, these statements were made to determine JD’s treatment and were not mere denials to evade his mother. In fact, our hearsay rule does not exclude as hearsay “[statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.” Ark. R. Evid. 803(4). This court has recognized that the basis for this hearsay exception is the patient’s strong motivation to be truthful in giving statements for diagnosis and treatment. Hawkins v. State, 348 Ark. 384, 387-88, 72 S.W.3d 493, 494 (2002). These statements not only had impeachment value but also would have been admissible for the truth of the matter asserted because they were highly reliable. See id. (holding that an examining physician’s testimony that the victim had identified defendant as the person who raped her was admissible in rape prosecution under hearsay exception for statements made for purposes of medical diagnosis or treatment). I acknowledge that we will not reverse a decision to exclude evidence absent the circuit court’s abuse of discretion or absent a showing of prejudice. Scamardo v. State, 2013 Ark. 163, at 7, 426 S.W.3d 900, 904. A witness’s credibility, however, is always a relevant issue subject to attack. Fowler v. State, 339 Ark. 207, 219, 5 S.W.3d 10, 16-17 (1999). The right of free and unfettered cross-examination of the accuser by the accused is basic to our |2isystem of justice. Miller v. State, 269 Ark. 409, 414, 601 S.W.2d 845, 848 (1980). The majority concludes that, given the “scant evidentiary value” of the statements and the existence of two prior inconsistent statements — which the majority does not identify in its opinion — Holland’s defense was not compromised. I, however, cannot say that Holland was not prejudiced by circuit court’s decision to exclude highly reliable, prior inconsistent statements that called into question JD’s credibility. Accordingly, I respectfully dissent. Robin F. Wynne, Justice, dissenting. I find merit in appellant’s third point on appeal and would reverse and remand. After an in-camera review of JD’s records from Rivendell, the circuit court disclosed to counsel that JD’s admission documents showed the following: the August 9, 2011 form was marked “patient has never been abused”; the October 29, 2011 form was marked “patient has never been abused”; and the records from his November 3, 2011 admission to long-term treatment contained a photocopy of the October admission form. In the therapist’s notes dated November 17, JD initiated the topic of sexual abuse. Defense counsel explained that this evidence directly contradicted prior testimony by JD regarding when he first disclosed- the abuse and was a crucial part of the defense theory that JD fabricated the allegations because he was in trouble (and thus was being admitted to Rivendell for long-term treatment). The circuit court denied appellant’s request for production of this exculpatory evidence. In my view, this was error. While the majority concludes that no reversible error occurred, I cannot agree. JD never admitted at trial that he made prior inconsistent statements to Rivendell staff, and his ^credibility was the central issue in this case, as his' testimony was the only evidence that the sexual abuse took place. The psychotheraptist-patient privilege of Arkansas Rule of Evidence 503 must yield to a criminal defendant’s constitutional rights. I would follow the majority of other jurisdictions that have extended the protections outlined in Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (plurality opinion) to an otherwise absolute psychotherapist-patient privilege. Commonwealth v. Barroso, 122 S.W.3d 554 (Ky. 2003) (collecting cases). Therefore, I respectfully dissent.